The **WASHINGTON UNIVERSITY,**
**Plaintiff-Respondent,**

v.

George C. **LEACHMAN, Collector of Revenue, Elbert Ewing and B.D. Feinstein,**
**Defendants-Appellants.**

No. 43938.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 21, 1982.

Rehearing Denied Oct. 15, 1982.

Robert Hamilton, St. Louis, William C. Barnett, Clayton, for defendants-appellants.

Bryan, Cave McPheeters & McRoberts, David S. Slavkin, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

Elbert Ewing and B.D. Feinstein appeal from the trial court's order voiding a deed to property purchased at a tax sale, and declaring Washington University to be owner of the property in fee simple. We affirm.

In March, 1972, plaintiff Washington University obtained property located in the City of Huntleigh, St. Louis County, pursuant to an order of partial distribution from the estate of Fred W. Pavey. The order was not recorded. The St. Louis County Collector's Office continued to send tax bills to the estate, which forwarded them to Washington University. The University, a tax-exempt institution, informed the City of Huntleigh and the County Assessor's Office that it had become the owner of the property, and requested that the property be removed from the tax roll. Despite continuing correspondence, tax bills continued to be issued and the Collector's Office held a tax sale of the property in August, 1976. Defendants purchased the property and were issued a Collector's Deed in November, 1978. Washington University then filed this action.

The trial court found that the Collector's Office had become aware of the change in ownership before issuance of the deed. It voided the deed and declared Washington University to be fee simple owner of the property. Appellant contends that the Collector properly issued the deed because Washington University had failed to take

proper steps to either prevent or correct the Collector's error. The Collector takes no part in this appeal.

Appellants' original brief was stricken for failure to comply with Rule 84.04. The amended brief suffers from many of the same defects as the original, and Washington University has moved for dismissal on these grounds. Because we are able to resolve this matter on the merits, the motion is overruled.

Upon examination of the record, we find that the judgment of the trial court was supported by sufficient evidence and was not against the weight of the evidence, and that no error of law appears. An extended opinion would have no precedential value. Affirmed in accordance with Rule 84.16(b).

SMITH, P.J., and SATZ, J., concur.